[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff J.A.N. Industries, Inc. seeks damages as a result of the sale by it to the defendant Axton-Cross Company, Inc. of 6,110 gallons of ethanol (alcohol) mixed with 529 gallons of denaturants for the sum of $9,311.82.[1] Axton-Cross sold a portion of the denatured alcohol to New Horizon Manufacturing, Inc. and Dyna-Turn, Inc. Both these latter companies were made third-party defendants by the defendant Axton-Cross under a third-party complaint which sought damages for sums due to it as a result of chemical sales including the sales of the denatured alcohol which is the subject matter of this suit.
The defendant Axton-Cross filed special defenses and a counterclaim seeking damages from the plaintiff on the grounds that the denatured alcohol was contaminated, that the third-party defendants returned the unused alcohol and Axton-Cross was required to replace it with alcohol from a different supplier, that the third-party defendant incurred damages resulting from the use of a portion of the contaminated alcohol for which they sought to hold Axton-Cross responsible, and for which it seeks indemnification and Axton-Cross seeks to be reimbursed for $8,254.26 expended in order to filter the remaining contaminated alcohol. CT Page 255
The alcohol, which the plaintiff obtained from a new source, was contaminated. Mr. Nelson of the plaintiff J.A.N. was given timely notice that the alcohol did not conform. Furthermore, he inspected the alcohol and participated in tests which demonstrated its contamination. Indeed, Mr. Nelson conceded he had a problem with another shipment of the alcohol from the same supplier and promised to take it back.
The parties agree that the sale of the alcohol was a contract for the sale of goods and is governed by the Uniform Commercial Code-Sales. General Statutes 42a-2-101 et seq. They center their arguments on whether the alcohol was accepted by the defendant Axton-Cross. Surely, if the alcohol was initially accepted, Axton-Cross had a right to revoke its acceptance under General Statutes 42a-2-608 by showing a substantial impairment in the value of the alcohol. Plateq Corp. v. Machlett Laboratories, Inc., 189 Conn. 433, 437 (1983). As previously stated the alcohol was contaminated and the court finds its value to the plaintiff to have been substantially impaired. Nevertheless, the alcohol was accepted by the defendant Axton-Cross. By its own admission, it; eventually corrected the contamination by a filtering process that cost $8,254.26 for which it seeks in damages. "A buyer may be found to have accepted goods despite their known nonconformity. . . ." Id. 441.
"The buyer's acceptance of goods, despite their alleged nonconformity, is a watershed. After acceptance, the buyer must pay for the goods at the contract rate; General Statutes 42a-2-607
(1); and bears the burden of establishing their nonconformity. General Statutes 42a-2-607(4). Acceptance, even with knowledge of the nonconformity of the goods, does not, however, constitute an election to waive all claims with respect to the accepted goods. General Statutes 42a-2-607(2). The buyer who elects to keep nonconforming goods has a remedy in damages; 42a-2-714; provided that he has given timely notice of breach to the seller;42a-2-607(3)(a); and he may exercise that remedy by deducting all or any part of his claimed damages from any part of the unpaid contract price otherwise due to the seller under the same contract. General Statutes 42a-2-717. See White Summers, Uniform Commercial Code (2d Ed. 1980) 8-2." Stelco Industries, Inc. v. Cohen, 182 Conn. 561,564 (1980).
In the present case, the plaintiff J.A.N. is entitled to recover the sales price against the defendant Axton-Cross in the amount of $9,311.82 on the second count of the amended complaint. On the counterclaim, since the defendant Axton-Cross sustained its burden of proof that the denatured alcohol was nonconforming in that it was contaminated, it is entitled to recover the costs of $8,254.26 it incurred to filter the denatured alcohol in order to purify it. General Statutes 42a-2-714 and 42a-2-715. CT Page 256
The defendant Axton-Cross also seeks additional damages as a result of the claim for damages in the total amount of $19,944.75 made against it by the third party defendants (Dyna-Turn in the amount of $16,760.91 and New Horizon Manufacturing in the amount of $3,183.84). These claims, however, were settled during trial by the defendant Axton-Cross giving the third-party defendant a credit of $6,849.00 on an unrelated past indebtedness of $14,849.00 and stipulation for a judgment on the third-party complaint in favor of Axton and against Dyna-Turn and New Horizon in the amount of $8,000.00 to be paid on a schedule hereinafter set forth. The court, therefore, finds that the defendant Axton-Cross incurred losses of $6,849.00 by being required to give this credit as a result of the contaminated denatured alcohol and is entitled to be reimbursed for this sum.
Accordingly, the court enters judgment as follows: On the first count of the substituted complaint in favor of the defendant Axton-Cross against the plaintiff John A. Nelson; on the second and third count of the substituted complaint in favor of the plaintiff J.A.N. Industries, Inc. against the defendant Axton-Cross Company, Inc. in the amount of $9,311.82: on the counterclaim in favor of the defendant Axton-Cross, Inc. against the plaintiff J.A.N. Industries in the amount of $15,103.26 ($8,254.26 for cost of filtering and $6,849.00 for credit to third party defendants): on the third-party complaint in favor of the third-party plaintiff Axton-Cross Company, Inc. against the third-party defendants Dyna-Turn, Inc. and New Horizon Manufacturing, Inc., in accordance with their stipulation, the sum of $8,000.00 payable $2,000.00 on or before December 7, 1990, $2,000.00 on or before December 13, 1990, $2,000.00 on or before January 15, 1991, and $2,000.00 on or before February 15, 1991, without costs or interest.
ROBERT I. BERDON, Judge